John Cochran
john@pplllc@gmail.com
OSB # 020022
PACIFIC PROPERTY LAW LLC
16811 Lakeridge Drive
Lake Oswego, OR 97034
360-601-8157

Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| SHARON LANE, an Individual, | Case No. |
| Plaintiff, | COMPLAINT (**Employment Discrimination**) |
| v. | Filing Fee: $594 |
| SKANSKA USA, INC. and MICROSOFT CORPORATION, | NOT SUBJECT TO MANDATORY ARBITRATION |
| Defendants. | JURY TRIAL REQUESTED |

COMES NOW, Sharon Lane, through undersigned counsel, to file this Complaint for Damages against the above-named Defendants. In support of her claims, Ms. Lane alleges as follows:

**INTRODUCTION**

This case centers on the pernicious and vicious racial harassment and discrimination suffered by Sharon Lane at the hands of the Defendant corporations and their agents, in June and

July of 2021. Ms. Lane has worked hard all her life and believed that the companies she worked for valued her work. Ms. Lane's belief has been destroyed by the heinous and unlawful acts of the Defendants and their agents. This lawsuit is intended to make Ms. Lane whole and reaffirm that our country unequivocally rejects racism in every form.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the Western Washington District for the United States District Court, Seattle Division, where the cause of action arose, and where Defendants conducted regular, sustained business activity. Plaintiff is also a resident of Washington State.

2.

At all material times, Plaintiff Sharon Lane was a resident of Washington State.

3.

At all material times, the collective Defendants were licensed to do business in Washington State.

4.

At all material times, Plaintiff was supervised by and subject to the Defendants' employees or agents and Plaintiff relied on the actual or apparent authority of the Defendants' employees, supervisors, and members of the management teams for each corporation.

5.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under Washington State or Federal law. Plaintiff has properly exhausted her administrative remedies through the Seattle branch of the U.S. Equal Employment Opportunities Commission and has filed this Complaint in a timely manner, having received the "Right to Sue" letter from the EEOC on April 6, 2022.

6.

## STATEMENT OF FACTS

Ms. Lane is a 53-year-old African American woman who is an industrious worker who

believes in fairness and the value of honest, diligent work.

7.

On or about June 28, 2021, Skanska hired plaintiff to work at the Microsoft Redmond campus modernization project. This is a multi-year, multi-billion-dollar project involving dozens of construction companies and miles of job site. Upon information and belief, Microsoft, as the owner of the campus, was intricately and intimately involved in its progress and in the culture of the work site.

8.

Plaintiff was hired to perform the duties of laborer, specifically to clean up after the cement finishers. The duties and responsibilities of a laborer are all geared toward maintaining a clean, safe, and efficient construction site while also supporting the overall project.

9.

Plaintiff noticed immediately that she was treated differently from the other employees, who were white. Plaintiff was subjected to numerous instances of racial discrimination. On one occasion, about a week after she started work, her white supervisor, without telling plaintiff, changed the lock for a gate box that contained tools that were necessary for her to perform her job. Plaintiff continued to be denied access afterward.

10.

On another occasion, Plaintiff was locked out of the work area and had to walk a long distance around to be able to obtain access to that part of the job site, while co-workers looked on and laughed.

11.

On or about July 10, 2021, Plaintiff was subjected to horrific and degrading racial slurs by employees, including being called "nigger" or "negre" on several occasions. Plaintiff was terrified and sickened by the overt racism. Plaintiff reported these incidents to supervisors, all of

whom were white, to no avail.

12.

But the bullying and name calling was not the end of Plaintiff's nightmare. On or about July 15, 2021, Plaintiff arrived at work as she normally did. As she walked to her work area, she saw, to her horror, three to four nooses hanging from the ceiling.  Plaintiff was terrified and felt physically menaced. She continues to suffer from trauma from this event.

13.

Upon information and belief, this was not the only time nooses were found in an African American employee's work area on the Microsoft campus.

14.

Plaintiff reported the nooses incident, as she had all instances of racial actions that were taken against her, but nothing was done by her supervisors or by management. No matter what she suffered, management condoned the racist behavior of Plaintiff's co-workers and supervisors and did nothing to stop it.

15.

If Plaintiff had a white skin color or was Caucasian, Plaintiff would have not been subjected to discriminatory slurs or actions.

16.

After seeing the nooses, plaintiff became fearful for her life, and was forced to leave her job after only three weeks. After experiencing the egregious and racist behavior without any intervention by management, Plaintiff knew that the Defendants were uninterested in keeping her safe and in a discrimination-free workplace.

17.

Both Defendants Skanska and Microsoft have demonstrated a pattern of allowing racial discrimination by its employees. Other racial minorities have suffered similar discriminatory

treatment, were denied equal treatment at work, and had to work in a racist and hostile environment.

18.

As a direct and proximate result of Defendants' and their agents' discriminatory actions Plaintiff was forced to leave her job, suffered extreme emotional distress and trauma, and has had trouble finding equivalent work.

19.

## FIRST CLAIM FOR RELIEF

**(Unlawful Employment Discrimination Because of Race and Color – RCW Section 49.60.180 – Unfair practices of employers)**

20.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

21.

Plaintiff endured unlawful discrimination by Defendants and their agents as outlined *supra* in the preceding paragraphs. Because of the unlawful discrimination by Defendants, Ms. Lane was forced to leave her job because she feared for her life as the racist acts against her escalated. The overwhelming motivation for these acts against Ms. Lane was her race and color. Plaintiff seeks a jury trial for this claim.

22.

As a consequence of Defendants' violation of RCW49.60.180, Plaintiff has suffered significant economic and non-economic damages, including emotional distress, in an amount to be determined at trial. Ms. Lane also seeks her costs and attorney's fees, as well as punitive/exemplary damages as allowed by law.

Plaintiff is entitled to pre-judgment interest on her economic damages at the statutory rate of 9% from July 2021, through entry of judgment interest on her economic damages.

23.

## SECOND CLAIM FOR RELIEF

### (Unlawful Employment Discrimination in Violation of Title VII of the Civil Rights Act - 42 U.S.C. §2000e et seq)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

24.

Defendants breached Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §2000e-2(a)(1), by discriminating against Ms. Lane as described *supra* with respect to her workplace safety, her right to be treated equally by her co-workers and management, and other terms of her employment, because of Ms. Lane's race and color. The Defendants' and their agents unlawful conduct was motivated wholly or in part by racial animus.

25.

As a result of Defendants' and their agents' unlawful conduct, Ms. Lane is entitled to damages for economic loss and non-economic damages in amounts to be determined at trial. Ms. Lane also seeks punitive/exemplary damages in an amount to deter the wanton and reckless conduct of the Defendants', in an amount to be determined at trial, but not less than sufficient to deter these corporations. Ms. Lane also seeks costs and attorney's fees under 42 U.S.C § 1988(b).

26.

## THIRD CLAIM FOR RELIEF

### (Negligent Supervision)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

27.

Each of the Defendants were negligent in their supervision of their agents allowing their agents to engage in overt and pervasive racial harassment and discrimination against Ms. Lane.

28.

As a direct and proximate cause of the Defendants' negligence, Ms. Lane suffered

economic and non-economic damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sharon Lane demands judgment against each Defendant for each claim and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendants in the amount to be determined at trial for Plaintiff's first claim for relief.
2. A judgment in favor of Plaintiff and against Defendants in an amount to be determined at trial for Plaintiff's second claim for relief.
3. A judgment in favor of Plaintiff and against Defendants in an amount to be determined at trial for Plaintiff's third claim for relief.
4. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.
5. Plaintiff's reasonable attorney fees, costs, disbursements, and prevailing party fees.
6. Such other relief as the Court deems just and equitable.

DATED this 2nd of July, 2022.

Respectfully submitted:

/s/John Cochran
John Cochran
johnpplllc@gmail.com
360-601-8157
Pacific Property Law LLC
16811 Lakeridge Drive
Lake Oswego, OR 97034
WSBA # 38909

/s/Caroline Janzen
Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-990
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Pro Hac Vice

Of Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 02, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Clerk of the Court
Western District of Washington
United States District Court
700 Stewart Street, Suite 2310
Seattle, WA 98101

I further certify that by filing said document via the U.S. District Court's CM/ECF Electronic Filing System, a copy thereof was served on the following parties:

SKANSKA USA, INC.
c/o CORPORATION SERVICE COMPANY
300 DESCHUTES WAY SW STE 208 MC-CSC1
TUMWATER, WA, 98501, UNITED STATES

MICROSOFT CORPORATION
c/o CORPORATION SERVICE COMPANY
300 DESCHUTES WAY SW STE 208 MC-CSC1
TUMWATER, WA, 98501, UNITED STATES

PACIFIC PROPERTY LAW LLC:

By: /s/ John A. Cochran
John A. Cochran, OSB #020022
johnpplllc@gmail.com