1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

SHARON LANE, an individual,

| | Case No. C22-926-RSM |

10                                    Plaintiff,

ORDER GRANTING DEFENDANT
MICROSOFT CORPORATION'S
MOTION TO DISMISS

11

12              v.

13   SKANSKA USA INC, *et al.*,

14                                    Defendant(s).

15

16                          **I.    INTRODUCTION**

17        This   matter   comes   before   the   Court   on   Defendant   Microsoft   Corporation's

18   ("Microsoft")'s Motion to Dismiss under Rule 12(b)(6).  Dkt. #12.  Plaintiff Sharon Lane opposes

19   the Motion.  Dkt. #18.[1]  The Court has determined oral argument is unnecessary.  For the reasons

20   stated below, the Court GRANTS Defendant's Motion and dismisses Plaintiff's claims with leave

21

22   to amend.

23                          **II.    BACKGROUND**

24        Except   as   otherwise   noted,   the   following   background   facts   are   taken   from   Plaintiff's

25

26   Complaint, Dkt. #1, and accepted as true for purposes of ruling on this Motion to Dismiss.

27

28   _____

[1] Plaintiff filed a Response (Dkt. #17) and a Corrected Response (Dkt. #18) to Microsoft's Motion to Dismiss.  The
Court treats the Corrected Response (Dkt. #18) as the operative pleading.

ORDER - 1

Plaintiff Sharon Lane is a 53-year-old African American woman.   Dkt. #1 ¶ 6.   In June 2021, Ms. Lane was hired as a laborer to work at the Microsoft Redmond campus modernization construction site.  *Id.*  ¶¶ 7–8.  She was hired by Defendant Skanska USA, Inc. ("Skanska").  *Id.* ¶ 7.  Plaintiff alleges that, upon information and belief, Microsoft was intricately and intimately involved in the project's progress and the culture of the worksite as owner of the campus.  *Id.* Ms. Lane complains of repeated differential treatment and racial hostility at the worksite.  *See id.* ¶¶ 9–16.  The details of this hostility, though pled, are not relevant to the instant motion.  Ms. Lane reported the racism and discrimination she experienced, but nothing was done to address her claims.  *Id.* ¶¶ 11, 14.  Fearful for her life, Ms. Lane was forced to leave her job after only three weeks.  *Id.* ¶ 16.  She suffered extreme emotional distress and trauma, and has had trouble finding equivalent work.  *Id.* ¶ 18.  Ms. Lane then filed suit, bringing several claims (discrimination and negligent supervision) against all defendants.  *Id.* ¶¶ 20–28.

Defendant Skanska does not oppose the relief requested by Microsoft in its Motion to Dismiss.  Dkt. #14.

## III.     DISCUSSION

### A.  Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 678.  This requirement is met

when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id.* at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Unlawful Employment Discrimination Claims (Claims I and II)**

Microsoft argues that under Title VII and RCW 49.60.180 Microsoft is not considered to be Ms. Lane's employer, rendering Plaintiff's claims for unlawful employment discrimination futile. *See* Dkt. #12 at 4–6.

For any of these four claims to be valid, an employer-employee relationship must exist between Ms. Lane and Microsoft. *See Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 (9th Cir. 1980). Common-law agency principles are used to analyze whether an employer-employee relationship exists under Title VII. *See EEOC v. Global Horizons, Inc.*, 915 F.3d 631, 637 (9th Cir. 2019). "Under the common-law test, the 'principal guidepost' is the element of control—that is, 'the extent of control that one may exercise over the details of the work of the other.'" *Id.* at 638 (quoting *Clackamas Gastroenterology Assocs., P.C. v. Wells,* 438 U.S. 440, 448 (2003)). Similarly, courts in Washington assess the "right to control the manner of doing the work involved" to determine whether an employer-employee relationship exists under RCW 49.60.180. *See DeWater v. State*, 130 Wn.2d 128, 140, 921 P.2d 1059, 1065 (1996).

ORDER - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ms. Lane alleges that because Skanska was acting as Microsoft's agent, managing its property during construction, Microsoft is liable for Skanska's unlawful conduct under the doctrine of *respondeat superior*. *See* Dkt. #18 at 7–8 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 764 (1998)).[2]  The Court disagrees.  Plaintiff has not pled that Microsoft was an employer, or had any control over Ms. Lane's employment, details or manner of her work.  While courts can also look to agency law principles to determine whether someone is an employer under Title VII, Plaintiff has not pled sufficient facts to show there is a principal/agent connection between Microsoft and Ms. Lane.  *Anderson v. Pac. Maritime Ass'n*, 336 F.3d 924, 930 (9th Cir. 2003) (this connection is required for a claim to fall under Title VII).  This alone is dispositive.

Since Plaintiff has not shown Defendant Microsoft owed her a duty in the first place (as there is no employer-employee relationship), any arguments related to nondelegable duties against discrimination are irrelevant.  Accordingly, Plaintiff's claims I and II are properly dismissed against this Defendant.

**C.  Negligent Supervision Claim**

In Ms. Lane's third and final claim, she alleges that Microsoft was negligent in its supervision of Skanska in failing to correct a hostile work environment.  *See* Dkt. #1 ¶¶ 26–28. She further asserts that Microsoft is liable for negligent acts of its agents.  *Id.*  Similar to the previous claims, Defendant argues that it did not owe Plaintiff any duty.  *See* Dkt. #12 at 6. Furthermore, Defendant asserts that retention of control is a prerequisite to finding any common-law duty of negligence.  *See* Dkt. #12 at 7 (quoting *Afoa v. Port of Seattle*, 296 P.3d 800, 809 (Wash. 2013).  In response, Plaintiff asserts that Microsoft was on notice about the discrimination and hostility she was encountering and that it helped "manage [the] jobsite".  *See* Dkt. #18 at 9.

---

[2] This case is not factually on point here as it stood for the proposition that an employer was liable to one employee for the conduct of another employee.

Thus, she argues, Microsoft owed a duty as an employer and owner to ensure workers on the jobsite were safe from oppressive and traumatizing racial harassment and discrimination. *Id.* at 6.

The Court agrees with Microsoft that Plaintiff has not pled sufficient facts here. Plaintiff has not alleged that Microsoft engaged in any discrimination itself. Furthermore, Plaintiff has failed to allege any facts showing that Microsoft *retained* any control over the *manner* of work on the job site or that Ms. Lane was injured *within the scope* of that control.[3] *See Farias v. Port Blakely Co.*, 22 Wn. App. 2d 467, 473, 512 P.3d 574, 581 (2022). Finally, Plaintiff has failed to provide any authority to support her assertions that being on notice about discrimination constitutes a duty or liability on behalf of a landowner or client of construction company without more factual support. Thus, Plaintiff's negligent supervision claim (Claim III) is also properly dismissed

**D.  Unpled Third-Party Beneficiary Claim**

In Plaintiff's response to Microsoft's motion to dismiss, she makes arguments about a third-party beneficiary claim—yet Ms. Lane has not brought any such claim. *See* Dkt. #18 at 11–12; *but see generally* Dkt. #18. It seems Plaintiff's counsel may have recycled its response brief in another case before this court with similar allegations against similar defendants that has since been dismissed. *See Harris v. Skanska*, No. 2:22-cv-00555-RSM.

The Court agrees with Ms. Lane that her allegations of racism and discrimination in her Complaint are egregious. The Court takes seriously its solemn responsibility to hear and consider

---

[3] Plaintiff asserts that whether Microsoft retained any control is a question of fact and should be left to the trier of fact. *See* Dkt. #18 at 9–10. However, Plaintiff has not pled enough facts thus far to allow the Court to draw reasonable inferences that Defendant is liable here for the misconduct alleged. Absent facial plausibility, a plaintiff's claims must be dismissed.

Ms. Lane's case.  Plaintiff's counsel is advised to do the same and diligently represent Ms. Lane in accordance with the applicable rules of professional conduct.  *See* Washington Rules of Professional Conduct 1.1, 1.3; Oregon Rules of Professional Conduct 1.1.

### E.  Leave to Amend

A "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2).  Courts apply this policy with "extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment.  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).  In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

The Court finds that the above deficiencies with the Complaint can possibly be cured by amendment.  There has been no evidence of undue delay or bad faith.  Defendant has failed to show that any amendment would be futile.  Prejudice to Defendant if amendment is permitted will be minimal.  Weighing all of the above factors, leave to amend will be granted.

### IV.    CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant Microsoft's Motion to Dismiss Plaintiff's Complaint under

ORDER - 6

Rule 12(b)(6), Dkt. #12, is GRANTED.  Plaintiff's claims are DISMISSED with leave to amend.

Plaintiff shall have thirty (30) days to file an amended complaint.  If Plaintiff fails to do so,

Microsoft will be removed as a Defendant in this case.


DATED this 26th day of January, 2023.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 7