UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHARON LANE,<br><br>       Plaintiff,<br><br>  v.<br><br>SKANSKA USA, INC., *et al*.,<br><br>       Defendants. | Case No. C22-926-RSM<br><br>ORDER DISMISSING CASE WITH PREJUDICE |

  This matter comes before the Court on Defendant SKANSKA USA BUILDING INC. ("Skanska")'s [1] Motion to Compel or in the Alternative to Dismiss. Dkt. #31. Skanska moves the Court for an order compelling Plaintiff Sharon Lane to supplement her initial disclosures and to respond to Defendant's first set of discovery requests, or in the alternative, dismissing this lawsuit pursuant to Federal Rule of Civil Procedure 41(b) for want of prosecution and failure to comply with her discovery obligations. Plaintiff has not filed a response and the time for filing such has expired.

  Fed. R. Civ. P. ("Rule") 41(b) provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action ..." Courts in the

---

[1] In its Notice of Appearance and its Answer, Defenses, and Affirmative Defenses to Plaintiff's Complaint, Defendant Skanska indicated it was incorrectly named as "Skanska USA, Inc." in the Complaint. Skanska asserts that Skanska USA, Inc. did not employ Plaintiff. Instead, the proper entity name is Skanska USA Building, Inc.

ORDER - 1

Ninth Circuit weigh five factors to determine whether to dismiss a case for lack of prosecution under Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

Defendant Skanska's Motion to Dismiss should be granted. While courts heavily favor adjudication on the merits of a case, failure to address the opposing party's legal arguments imposes a burden on both the Court and the public as it usurps judicial resources from those parties that actively seek to resolve their disputes. This is not Plaintiff's first failure to prosecute its case. It failed to respond to Defendant Microsoft Corporation's ("Microsoft") Motion to Dismiss (Dkt. #30), which resulted in dismissal of Plaintiff's claims against Microsoft. Dkt. #35. And, as detailed in Skanska's Motion, Plaintiff has gone radio silent on pending discovery requests since at least March 13, 2023. *See* Dkt. #31 at 4–5. Since Plaintiff has failed to respond to Skanska's Motion the court has no reason to believe Plaintiff's actions have any justifiable excuse. As a failure to file an opposition to a motion to dismiss may be construed as an admission that dismissal is warranted, dismissal is the appropriate sanction. While the public policy of resolving cases on their merits has value, Plaintiff has made no real effort to resolve the case let alone move it forward. There are no less drastic sanctions available. Plaintiff's case should be dismissed.

Accordingly, Defendant Skanska's Motion to Compel or Motion to Compel or in the Alternative to Dismiss (Dkt. #31) is GRANTED and this action is DISMISSED WITH PREJUDICE. This case is now CLOSED.

//

ORDER - 2

DATED this 12th day of May, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3